UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MARK A. CADE,

                    Plaintiff,                         Case No. 1:16-cv-714

v.                                                     Honorable Janet T. Neff

LINDA PUFFENBERGER et al.,

                    Defendants.
_____/

## OPINION

        This is a civil rights action brought by an Indiana prisoner, ostensibly pursuant to 42

U.S.C. § 1983.  The Court has granted Plaintiff leave to proceed *in forma pauperis*.  Under the

Prison Litigation Reform Act, Pᴜʙ. L. Nᴏ. 104-134, 110 Sᴛᴀᴛ. 1321 (1996), the Court is required

to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious,

fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant

immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A.  The Court must read Plaintiff's *pro se*

complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's

allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504

U.S. 25, 33 (1992).  Applying these standards, Plaintiff's action will be dismissed for failure to state

a claim.

## Factual Allegations

Plaintiff Mark Cade presently is incarcerated with the Indiana Department of Correction at the New Castle Correctional Facility.  He was convicted of child molesting, IND. CODE § 35-42-4-3.  On November 1, 2004, Plaintiff was sentenced to a prison term of 25 years.  Plaintiff sues Linda Puffenberger[1] and Rocky Cade.

Plaintiff alleges that, prior to being incarcerated, he lived with his biological father, Donald Ervin Cade.  On May 8, 2003, Donald Ervin Cade signed a Last Will and Testament, which was filed in the Branch County, Michigan Probate Court.  Plaintiff has attached a copy of the will to his complaint.  Donald Cade died on May 1, 2010.  Under the will, Plaintiff was bequeathed certain real estate lots.  Linda Puffenberger was appointed as the personal representative of the estate.

Plaintiff alleges that Defendants Linda Puffenberger and Rocky Cade, Plaintiff's sister and brother, have conspired to deprive Plaintiff of the property bequeathed to him.  He also alleges that Defendant Puffenberger has failed to communicate with him as required by law.  Plaintiff contends that he has suffered and continues to suffer damages of lost rental revenue, in the amount of $1,650.00 per month, together with the value of the property, in the amount of $50,000.00.

## Discussion

I.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp.*

---

[1]Plaintiff has alternately spelled the name as "Puffenberger" and "Puffinberger."  The Court has used the spelling contained in the caption of the case.

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*,

- 3 -

102 F.3d at 814.  There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).  Plaintiff has not presented any allegations by which Defendants' conduct could be fairly attributed to the State.  Accordingly, he fails to state a § 1983 claim against them.

To the extent that Plaintiff intends to bring his conspiracy claim under 42 U.S.C. § 1985, he need not show that Defendants acted under color of law, as § 1985 covers at least some private conspiracies.  *See Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971).  Plaintiff, however, fails to allege the necessary elements of a civil conspiracy claim under § 1985.

To maintain a cause of action for conspiracy under 42 U.S.C. § 1985(3), a plaintiff must establish the following four elements:   (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.  *See Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996) (citing *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994)); *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998).  The plaintiff further must demonstrate that the conspiracy was motivated by a class based animus, such as race. *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005); *Collyer*, 98 F.3d at 233; *Johnson*, 40 F.3d at 839;  *Seguin v. City of Sterling Heights*, 968 F.2d 584, 590 (6th Cir. 1992). Plaintiff has not alleged or established that he is a member of a discrete and insular minority accorded special protection under the Equal Protection Clause because of inherent personal

characteristics. *Seguin*, 968 F.2d at 590. He also has not alleged that his siblings' actions were motivated by his membership in any such group. Accordingly, Plaintiff fails to state a civil conspiracy claim under § 1985.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  July 12, 2016                          /s/ Janet T. Neff
                                               Janet T. Neff
                                               United States District Judge